BARNEY G. JOHNSTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Johnston v. Commissioner
Docket No. 8276-73
United States Tax Court
T.C. Memo 1976-20; 1976 Tax Ct. Memo LEXIS 382; 35 T.C.M. (CCH) 74; T.C.M. (RIA) 760020; January 27, 1976, Filed Barry G. West,Reece B. Morrel,W. Kirk Clausing and James R. Hays, for the petitioner. James D. Thomas, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1970 in the amount of $5,313. Due to concessions by the parties, the only issue remaining for decision is whether petitioner is entitled to deduct operating expenses and depreciation of his private airplanes under sections 162 and 167. [1]
*383 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Barney G. Johnston, was a resident of Tulsa, Oklahoma at the time the petition was filed in this case. During the taxable year 1970 petitioner owned and operated Barney's Club, a private club located in Tulsa. Petitioner owned a Mooney airplane during the entire taxable year 1970 and acquired a Cessna twin-engine airplane in June 1970 which he owned for the remainder of 1970. Petitioner logged a total of 119.1 hours of flying time in his airplanes. Petitioner claimed that 76.8 of those hours were attributable to business use. The date, destination and flying time of the alleged business trips are as follows: [2] DATE
HRS.
DESTINATION
DATE
HRS.
DESTINATION
2/14/70
1.0
Muskogee, Okla.
2/16/70
2.8
Oklahoma City, Okla.
2/17/70
1.2
Muskogee, Okla.
2/18/70
1.3
Hot Springs, Ark.
2/19/70
1.7
Tulsa, Okla.
3/13/70
2.1
Oklahoma City, Okla.
4/5/70
1.5
Norman, Okla.
4/5/70
.9
Tulsa, Okla.
4/10/70
1.2
Muskogee, Okla.
4/25/70
2.1
Woodward, Okla.
5/4/70
2.5
Oklahoma City, Okla.
5/17/70
2.4
Memphis, Tenn.
5/17/70
2.3
Tulsa, Okla.
6/23/70
1.7
Various towns
6/27/70
1.2
Various towns
6/28/70
2.2
Various towns
6/29/70
1.0
Various towns
6/30/70
1.4
Various towns
6/30/70
1.1
Various towns
7/1/70
1.5
Muskogee, Okla.
7/8/70
2.0
Muskogee, Okla.
7/14/70
1.5
Tahlequah, Okla.
7/23/70
1.0
Various towns
7/24/70
1.5
Various towns
7/30/70
1.0
Various towns
7/31/70
.5
Various towns
7/31/70
1.5
Oklahoma City, Okla.
8/1/70
1.5
Bartlesville, Okla.
8/9/70
3.9
Pascagula, Miss.
8/11/70
4.5
Tulsa, Okla.
8/15/70
1.2
Oklahoma City, Okla.
8/28/70
1.1
Tahlequah, Okla.
9/8/70
1.5
Oklahoma City, Okla.
9/15/70
1.9
Oklahoma City,okla.
9/24/70
1.0
Stillwater, Okla.
10/6/70
1.3
Muskogee, Okla.
11/15/70
1.5
Oklahoma City, Okla.
12/13/70
3.1
Galveston, Tex.
12/14/70
3.0
Tulsa, Okla.
12/21/70
.9
Joplin, Mo.
12/21/70
.8
Rogers, Ark.
12/21/70
1.3
Tulsa, Okla.
12/28/70
2.9
Galveston, Texas
12/28/70
3.3
Tulsa, Okla.
*384 Petitioner claimed a deduction for depreciation attributable to business use of the Cessna of $4,187. He also deducted operating expenses attributable to business use of both airplanes in the amount of $1,101. Since petitioner, as a private pilot, was not certified to operate a center-line thrust twin-engine airplane such as the Cessna, his use of that plane was solely devoted to obtaining the requisite proficiency and the authorization. Petitioner was accompanied on most of those flights by his instructor. Petitioner's training flights during or as a result of which no business was conducted consumed 19.1 hours of the alleged business use. Petitioner and a friend, Jess Sample, traveled to Hot Springs, Arkansas on February 18, 1970, and to Pascagoula, Mississippi on August 9, 1970 for recreational purposes. On April 5, 1970 petitioner traveled to Norman, Oklahoma to visit his daughter. Petitioner did not sell any franchise, acquire any property or engage in any business transaction as a result of the remainder of the flights for which he took a deduction. *385 Petitioner incurred total operating expenses for both airplanes in the amount of $1,885.20. OPINION Petitioner contends that he is entitled to deduct depreciation and operating expenses incurred in connection with his private airplanes as ordinary and necessary business expenses. Clearly, expenses and depreciation attributable to business use of the airplanes are deductible under section 162. Petitioner does, however, bear the burden of proving that the purpose of the expenditures was primarily business rather than social or personal. Buddy Schoell-kopf Products, Inc., 58 (filed December 31, 1975), . The flight hours which petitioner alleges were business related fall into two categories: proficiency and training flights and trips which petitioner alleges were part of a search for additional locations for his business. Expenses and depreciation attributable to the proficiency flights are nondeductible. No business was transacted during or as a result of those flights. Those flights were primarily personal and no deduction is available for expenses or depreciation allocable thereto. Gibson *386 . [3] Similarly, since the record does not support the alleged business nature of the remaining flights, we must also deny the deductions relating to those trips. Petitioner contends that during all the flights for which he claimed deductions he engaged in business activities. His theory proceeds thus: Since petitioner's club in Tulsa was a financial success, petitioner formulated a plan to expand the enterprise by establishing additional clubs in other Southwestern cities. He intended to implement the plan by selling franchises. During the flights in issue petitioner could discern the character of various sections of the cities and could thus select a site which would enhance the possibility of a successful operation. In addition, the trips provided an opportunity for petitioner to discuss the expansion with both prospective investors and established club owners. Unfortunately, petitioner has failed to produce evidence to substantiate his theory. Although petitioner testified that a tentative franchise *387 agreement was drafted, a copy of the agreement was not produced. No notes or files on the proposed franchise operation and related trips were introduced. [4] No feasibility study of either the expansion plan or the potential locations was conducted. Neither the proposed locations nor the club owners with whom the petitioner discussed the expansion idea were specifically identified. Finally, the record provides no indication of the capacity or proclivity of the prospective purchasers to invest in the franchises. Only petitioner's vague, selfserving testimony supports his theory. [5]
Further, although the fact that petitioner did not sell any franchises or open any new club either in 1970 or thereafter is not conclusive, it does reinforce *388 our conclusion that the trips were not primarily business related. Since petitioner has failed to carry his burden of proof, we must sustain respondent's disallowance of the deductions in issue. Decision will be enteredfor respondent.
Footnotes
1. Unless otherwise noted, all statutory references are to the Internal Revenue Code of 1954 as amended.↩
2. All flights prior to June 23, 1970 were in the Mooney. All flights on and after that date were in the Cessna.↩
3. See also and Henrya.↩.
4. In fact, the record indicates that no such documents existed. Petitioner testified that he had to reconstruct the purposes and destination of his trips from his airplane log book. ↩
5. The testimony of petitioner's only corroborating witness, Jess Sample, indicates that one of the trips on which he accompanied petitioner was intended as a fishing trip. Moreover, petitioner himself testified that another of the trips was in part a personal one.↩